## DAVID GARRISON

### *v.*

## JAMES B. DINGMAN.

ACTION FOR WORK AND LABOR — *acceptance of the article manufactured.* In an action to recover the price of painting and lettering a sign, it appeared the defendant had employed the plaintiff to paint the sign for a third person, to be of the same general style as another one designated.   While working upon it, defendant visited the shop and objected to the shade or coloring of the bead upon the margin, which the painter changed.   No other objection was made.   Without the knowledge of the plaintiff, defendant took the sign from the shop and put it up, when the person for whom it was designed objected to it as greatly inferior to the model : *Held,* the defendant, by thus accepting the sign, was concluded from any defense on account of defects in the work.

APPEAL from the Circuit Court of Cook county ; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Mr. C. M. HARDY, for the appellant.

Mr. H. B. STEVENS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court :

This action was originally brought before a justice of the peace, and a judgment for the plaintiff, Dingman.   The defend-

ant, Garrison, appealed to the circuit court, and on trial there a verdict and judgment were rendered against the defendant, to reverse which he appeals to this court.

Mr. James B. Dingman was a sign painter, and appellant employed him to paint and letter a sign for Madame Poncelot, doing business as a milliner at No. 26 Washington street, in Chicago, and to be of the same general style as the sign at No. 24 on the same street. Appellant was to find the board, and agreed to pay $34.50 for the work upon it. While working upon it appellant visited the shop and objected to the shade or color of the bead upon the margin of the sign, and the painter changed it. No other objection was made. Without the knowledge of the workman appellant took the sign from the shop and conveyed it to No. 26 Washington street, and, as appellee testified, mutilated it in putting it up.

There was some conflicting evidence as to the quality of the work, but it is fully proved that appellant took the sign from the shop and put it up without the knowledge of appellee, and when put up, Madame Poncelot did not like it; she thought it greatly inferior to that of the rival establishment at No. 24. Why did not the Madame examine the sign at the shop before it was removed? Her employee, the appellant, must have been pleased with it, or he would not have taken it and put it up. This, we think, should conclude him.

The instructions given for the defendant were all he could with propriety ask. The others were properly refused. There being no error in the record, the judgment is affirmed.

*Judgment affirmed.*